IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JASON BLAINE STAATS,**

    **Plaintiff,**

v.                                                                 **CIVIL ACTION NO. 3:22-CV-14 (GROH)**

**WEST VIRGINIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION, and
NORTH CENTRAL REGIONAL JAIL,**

    **Defendants.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Plaintiff is a state inmate presently confined at the North Central Regional Jail in Greenwood, West Virginia, following his arrest in Monongalia County, West Virginia Circuit Court in case numbers 21-F-90; 21-M-448; 21-F-345; and 21-M-2581. https://apps.wv.gov/ois/offendersearch/rja/offender/search.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review. For the reasons set forth below, this Court recommends that Plaintiff's complaint be dismissed with prejudice.

### II. FACTUAL AND PROCEDURAL HISTORY[1]

On February 4, 2022, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that: (1) the West Virginia Division of Corrections assigned to the North

---

[1] All ECF references herein are for the instant case, 3:22-CV-14, unless otherwise noted.

Central Regional Jail an inmate who was COVID-19 positive [ECF No. 1 at 7]; (2) that two inmates in Plaintiff's general population pod tested positive for COVID-19 [Id. at 8]; and (3) that a correctional officer, Martini, tested positive and exposed Plaintiff to COVID-19 [Id.].

Plaintiff claims he has been injured because he has tested positive for COVID-19, and must be quarantined for 10 days.  Id. at 9.  Plaintiff seeks: tighter COVID-19 testing precautions; stricter testing procedures; and $60,000.00 in monetary damages. Id.

Plaintiff has filed a motion for leave to proceed without prepayment of fees, and a completed Prisoner Trust Account Report[2], but has not yet filed either Ledger Sheets or paid an initial partial filing fee.  Accordingly, the undersigned has not yet ruled on Plaintiff's motion [ECF No. 2] to proceed without prepayment of fees.

### III.  LEGAL STANDARD

**A.    Pro Se Litigant**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325

---

[2] Plaintiff's Prisoner Trust Account Report [ECF No. 4] shows a balance of $0.04.

(1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

B. § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed

4

rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

### IV. ANALYSIS

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted. Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." Wyatt v. Cole, 504 U.S. at 161. Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right. Gomez, 446 U.S. at 640.

Plaintiff has named two defendants, neither of whom are individuals, and fails to describe with specificity as to how either Defendant violated his Constitutional rights. As to Plaintiff's allegations in Claims 1 through 3 that Defendants violated his Constitutional rights against cruel and unusual punishment, he fails to make a specific assertion against either Defendant. ECF No. 1 at 7 – 9. Rather, Plaintiff makes blanket assertions that Defendants are liable for damages for exposing him to a virus which has caused a global pandemic for the last two years. "Liability under § 1983 is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d.

391, 402 (4th Cir. 2001) (internal citation omitted). Accordingly, to establish liability under § 1983, the plaintiff must specify the acts taken by each defendant which violated his constitutional rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988). Plaintiff must demonstrate personal involvement on the part of each defendant and a causal connection to the harm alleged must be shown. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). However, even if Plaintiff established a causal connection to the harm he alleges, the named institutions are improper defendants in a § 1983 action.

Plaintiff has named as defendants the West Virginia Department of Corrections and Rehabilitation and the North Central Regional Jail where he was incarcerated. Jails and prisons are improperly named as defendants in civil rights actions. The Supreme Court has long recognized that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Pittman v. Kurtz, 165 F.Supp.2d 1243, 1247 (D.Kan. 2001) ("the jail is not an entity which can be sued"); Powell v. Cook County Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993) ("Cook County Jail is not a 'person'").

Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555. Although Plaintiff's complaint is both short and plain, it fails to name a proper defendant who Plaintiff claims violated his civil rights. Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983, this Court recommends

that this matter be dismissed with prejudice.

## V.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDED** that Plaintiff's section 1983 complaint [ECF No. 1] be **DENIED and DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

It is further **RECOMMENDED** that Plaintiff's motion to proceed without prepayment of fees [ECF No. 2] be **TERMINATED AS MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to all

counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: February 10, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE