IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**JASON BLAINE STAATS,**

    Plaintiff,

v.                                                       CIVIL ACTION NO.: 3:22-CV-14
                                                           (GROH)

**WEST VIRGINIA DEPARTMENT OF
CORRECTIONS AND REHABILATION and
NORTH CENTRAL REGIONAL JAIL,**

    Defendant.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Currently before the Court is the Report and Recommendation ("R&R") in the above-styled action, entered by United States Magistrate Judge Robert W. Trumble on February 10, 2022. ECF No. 7. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Plaintiff's Complaint with prejudice.

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Plaintiff being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted by the Plaintiff on February 15, 2022. ECF No. 9. On March 2, 2022, the Court received a letter from the Plaintiff, wherein the Plaintiff stated he was enclosing his ledger sheets and "written grievance procedure." ECF No. 11 at 1. The Court will construe the three listed grievances as the Plaintiff's objections.

## I. BACKGROUND

On February 4, 2022, the Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the West Virginia Department of Corrections and Rehabilitation and the North Central Regional Jail.  In his complaint, the Plaintiff alleges that (1) the West Virginia Division of Corrections assigned an inmate who was COVID-19 positive to the North Central Regional Jail, (2) two inmates in Plaintiff's general population pod tested positive for COVID-19 and (3) Correctional Officer Martini tested positive and exposed the Plaintiff to COVID-19.  The Plaintiff asserts an injury in the form of testing positive for COVID-19 and having to quarantine for 10 days.  In terms of relief, the Plaintiff requests stricter COVID-19 testing and precautions, as well as $60,000 in monetary damages.

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).  Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection."  LR PL P 12(b).  The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten

pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not

believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III.  DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Plaintiff has presented no new material facts or arguments in his objections to the magistrate judge's R&R. In his objections, the Plaintiff restated the same three claims presented in his original complaint: (1) an inmate was placed into his section after testing positive for COVID-19 but before testing negative, (2) another two inmates were placed into his pod after testing positive for COVID-19, and the Plaintiff himself subsequently tested positive for COVID-19 and (3) Correctional Officer Martini tested positive for COVID-19 and had contact with his pod before being placed on administrative leave.  Furthermore, the Plaintiff did not respond to any of the Magistrate Judge's findings regarding improper defendants or the lack of a constitutional violation.  The only mention of the R&R by the Plaintiff pertains to the application of the Federal Rules of Civil Procedure and this Court's Local Rules. The Plaintiff requests that this Court send him copies of each, as well as a "pro se packet."[1] ECF No. 11 at 1.  It is not the role of the Court to provide the Plaintiff with legal sources or research.

"When an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error

---

[1] The Clerk of Court mailed General Guidelines for Appearing Pro Se in Federal Court to the Plaintiff on February 4, 2022, and service was accepted on February 8, 2022. ECF Nos. 6, 8.

review." Taylor, 32 F. Supp. 3d at 260-61. Here, the Magistrate Judge properly found that the Plaintiff has failed to state a claim upon which relief may be granted pursuant to 42 U.S.C. § 1983. In relevant part, section 1983 allows a plaintiff to file suit against "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . .." 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Here, the Plaintiff has named as defendants the West Virginia Department of Corrections and Rehabilitation and the North Central Regional Jail where he was incarcerated. As found by the Magistrate Judge, jails and prisons are improperly named as defendants in civil rights actions. The Supreme Court has long recognized that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Pittman v. Kurtz, 165 F.Supp.2d 1243, 1247 (D.Kan. 2001) ("[T[he jail is not an entity which can be sued."); Powell v. Cook Cnty Jail, 814 F.Supp. 757, 758 (N.D. Ill. 1993) ("Cook County Jail is not a 'person.'"). Additionally, the Plaintiff has failed to articulate how his constitutional rights were violated, and instead makes blanket assertions that the Defendants are liable for damages for exposing him to a virus which has caused a global pandemic for the last two years.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that

Magistrate Judge Trumble's Report and Recommendation [ECF No. 7] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Thus, the Plaintiff's Complaint is **DENIED AND DISMISSED WITH PREJUDICE**. ECF No. 1. It is **FURTHER ORDERED** that the Plaintiff's Motion to Proceed without Prepayment of Fees [ECF No.2] is **TERMINATED AS MOOT**.

The Clerk is **DIRECTED** to **STRIKE** this case from the Court's active docket. The Clerk of Court is **FURTHER DIRECTED** to mail a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED**: March 16, 2022

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE